IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NORTH AMERICAN VAN LINES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:11-cv-397 |
| ) | |
| MATTHEW S. WENZEL, LORIE A. ) | |
| WENZEL, MARC A. ESPINOSA, and ) | |
| MIRANDA T. MUNG ) | |
| ) | |
| Defendants. ) | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's, North American Van Lines, Inc.'s Verified Motion for Entry of Default and Default Judgment [DE 11]. The Motion includes a supporting affidavit from Michael D. Hawk, the attorney for NAVL [DE 11-1, Ex. A]. Because Defendants, Marc A. Espinosa and Miranda T. Mung (collectively referred to as "Guarantors"), have failed to respond to the Amended Complaint for Damages, the Motion for Default Judgment **GRANTED**, and I award to the Plaintiff $164, 856.00 (principal judgment amount of $162,442.57 and attorneys' fees and costs of $2,414.24) plus post judgment interest.

## BACKGROUND

North American Van Lines ("NAVL") is in the business of providing housing, corporate, and international relocation and transportation services [DE 5 at ¶ 6]. NAVL and Firebird Moving & Storage, Inc. ("Firebird") entered into an agency contract on April 25, 2008 [DE 5 at ¶ 7; DE 5-1]. The Guarantors, alongside Matthew S. Wenzel and Lori A. Wenzel,[1] executed a

---

[1] NAVL is not taking action against Defendants Matthew S. Wenzel or Lori A. Wenzel because the Wenzels have received a Chapter 7 discharge in bankruptcy. DE 15, *In re Wenzel*, No. 11-34383 (S.D. Tex. Bankr., Houston Div., Aug. 16, 2011) [DE 11 at ¶ 5].

Guaranty of Payment [DE 5-2] as a condition of entering into the agency relationship with NAVL.  The Guarantors agreed to jointly and severally guarantee the prompt and complete payment of all indebtedness of Firebird [DE 5 at ¶ 9; DE 5-2 at ¶ 1].  The Guaranty of Payment also included liability for all costs of collection including legal fees incurred through NAVL's collection of the underlying debt [DE 5-2 ¶ 1].

Firebird became indebted to NAVL in the amount of $162,442.57 as established by default judgment in a collateral matter, DE 10, *North American Van Lines, Inc. v. Firebird Moving & Storage, Inc.*, No. 1:10 CV 199 (N.D. Ind., May 5, 2011) ("the Firebird case") [DE 5 at ¶¶ 10-11; DE 5-3].  The Guaranty of Payment makes the Guarantors jointly and severally liable in the principal amount to NAVL [DE 5 at ¶ 12].  NAVL has sought judgment accordingly through the filing of its Complaint [DE 1] and Amended Complaint [DE 5].

NAVL served the Summons and Amended Complaint on December 12, 2011 [DE 7].  The Guarantors have not filed a response to the Amended Complaint, and NAVL filed its Motion for Entry of Default pursuant to Fed. R. Civ. P. 55 [DE 9].  The Clerk entered default judgment on March 2, 2012 [DE 10].  NAVL then filed its Verified Motion for Entry of Default and Default Judgment pursuant to Fed. R. Civ. P. 55 [DE 11].

The Guarantors have not responded to the Motion.  NAVL now seeks damages for the principal judgment amount of $162,442.57 and attorneys' fees and costs of $2,414.24 plus post judgment interest.

## **DISCUSSION**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  Fed. R. Civ. P. 55.  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an

entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk has already entered default against the Guarantors, I may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); see *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are clearly established. The default is not technical because this case has been pending since the Complaint was filed on November 17, 2011, followed by the Amended Complaint filed on November 30, 2011, and the Guarantors have shown no intention to respond to the Complaint in the several months since it was served. No materials of fact have been presented due to the Guarantors' failure to participate in the lawsuit. There is certainly public interest in the enforcement of a Guaranty of Payment. Lastly, the amount of money sought in this case is significant, and the Guarantors' refusal to respond to NAVL's Amended Complaint prejudices NAVL by delaying their receipt of the money at issue.

A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). When a court determines that a defendant is in default, all well-

pleaded allegations in the complaint will be taken as true. *Id.* at 605. Here, this means that I must accept as true NAVL's assertions that the Guarantors are jointly and severally liable to NAVL for the prompt and complete payment of all indebtedness of Firebird.

Yet while the factual allegations relating to liability are taken as true, the amount of damages must be proved. *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). I am required to ascertain the "amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal citation omitted). This often means that the court must hold a hearing or conduct an investigation to determine the amount of damages. But no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 772 F.2d at 1323; *see also Pope v. United States*, 323 U.S. 1, 12 (1994). Moreover, an evidentiary hearing is often unnecessary where a party seeks statutory damages. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 WL 1775512, at *3 (N.D. Ill. April 17, 2008) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)). There is no need for such a hearing here.

Here, Firebird was previously found liable to NAVL in the amount of $162, 442.57. The submission of the Agency Contract, the Guaranty of Payment, the judgment in the Firebird case, and the affidavit of Michael D. Hawk has demonstrated to me the requisite proof as to the amount of damages that have occurred from the Guarantors' failure to pay the indebtedness of Firebird. The affidavit states that this action was brought to enforce the personal guarantees entered into by the Guarantors [DE 11-1 at ¶ 3]. The Guarantors are responsible for this outstanding debt because they signed the Guaranty of Payment, "an unconditional and absolute

guaranty of payment irrespective of whether North American shall have instituted any suit, action or proceeding" and became jointly and severally liable for the indebtedness of Firebird [DE 5-2 at ¶ 1]. I find that these damages have been proved to a "reasonable certainty," so I will grant NAVL's Motion for Default Judgment as to these damages.

Lastly, NAVL is seeking reasonable attorneys' fees and costs as provided for by the Guaranty of Payment agreement [DE 11-1 at ¶¶ 5-6]. "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Hours are not reasonably expended "if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

Mr. Hawk's affidavit [DE 11-1] has provided me with sufficient information to conclude "with reasonable certainty" that these were the expenses accrued and that they were reasonable . *Catt* 368 F.3d at 793. The affidavit states that NAVL has incurred $2000 in attorneys' fees, as well as $350.00 in court costs [DE 11-1 ¶ 6], and provides itemized billing statements outlining the time spent on various tasks in prosecuting this claim, as well as the amount charged for each task [DE 11-1 at 4-5]. Furthermore, the affidavit includes a sufficiently itemized statement for filing fees and postage. Costs recoverable as reasonable attorney fees include "postage, long distance calls, xeroxing. . . ." *Clark v. Oakhill Condo Ass'n, Inc.*, 2011 U.S. Dist. Lexis 35228, at *7 (N.D. Ind. March 31, 2011) (quoting *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984). I find the claims for attorneys' fees and costs reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's Verified Motion for Entry of Default and Default

5

Judgment [DE 11] is **GRANTED**.  Defendants Marc A. Espinosa and Miranda T. Mung are ordered to pay NAVL in the amount of $164,856.00 (principal judgment amount of $162,442.57 and attorneys' fees and costs of $2,414.24) plus post judgment interest from November 17, 2011 through the entry of judgment.

    **SO ORDERED**.

    ENTERED: April 2, 2012

                                          s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT